UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIFFANY FAIGH, | |
| Plaintiff, | |
| v. | CASE NO. 3:20-CV-496-RLM-MGG |
| ELKHART COUNTY COMMUNITY CORRECTIONS, et al. | |
| Defendants. | |

**OPINION AND ORDER**

Pending and ripe before the Court is Plaintiff, Tiffany Faigh's ("Faigh's"), Motion for Leave of Court to file a Third Amended Complaint filed on November 30, 2021. Defendants Elkhart County Community Corrections Advisory Board ("Advisory Board"), Elkhart County, and Elkhart County Board of Commissioners ("ECBC") (collectively "Defendants"), filed their brief in opposition to Faigh's motion on December 10, 2021. Faigh's motion became ripe on December 17, 2021, when she timely filed her reply brief. For the reasons discussed below, the Court grants in part and denies in part Faigh's instant motion without prejudice.

**I.   RELEVANT BACKGROUND**

According to her proposed Third Amended Complaint, Faigh's claims in this action arise from her termination as Assistant Director for Elkhart County Community Corrections ("ECCC") after serving in that position for almost eight years. ECCC is an agency of Defendant Elkhart County, Indiana that monitors convicted criminals who

have been allowed to serve a portion of their sentence on home release. Defendant Advisory Board exercises varying levels of oversight over ECCC and its employees.

According to Faigh, Peter Todd ("Todd"), the chairman of the Advisory Board, terminated her employment on December 3, 2019, without providing any reason for the termination. In a written explanation, the ECCC Interim Director Randy Cripe explained that Faigh was fired for failing to permit offenders to participate in their disciplinary hearings in violation of ECCC policies. Faigh alleges that she had not been (1) directed to ensure that offenders were permitted to attend their disciplinary hearings; (2) warned that failure to do so violated ECCC policy; or (3) subjected to any progressive discipline process before she was terminated or warned that her job was in jeopardy. Faigh further alleges that she was treated less favorably than male employees who were not punished or were punished more leniently for violating Defendant's policies. Later, Faigh was informed that Cripe, Todd, and Elkhart County Administrator Jeff Taylor collectively decided to terminate her employment.

Through her original complaint, filed on June 17, 2020, Faigh specifically raised a claim of discrimination on the basis of her sex in violation of the Equal Protection Clause of the Fourteenth Amendment against ECCC, Todd, and Taylor. Faigh also alleged negligence against Todd and Taylor. Faced with a motion to dismiss arguing that she had not sufficiently pled the intentional discrimination necessary to state an equal protection claim, Faigh sought and received the Court's permission to file her First Amended Complaint, which she did on October 20, 2020.

Faigh's First Amended Complaint added the Advisory Board, Elkhart County, and the ECBD as Defendants to her equal protection claim under the Fourteenth Amendment but eliminated all claims against Todd and Taylor. The First Amended Complaint implicated *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658 (1978) alleging that the four Elkhart municipal defendants were liable for unconstitutionally discriminating against Faigh on the basis of her sex. With the filing of the First Amended Complaint, the Court denied as moot the pending motion to dismiss Faigh's original complaint without any consideration of the substantive argument it raised.

Defendants then filed a motion to dismiss the First Amended Complaint for failure to state a claim. With the motion to dismiss fully briefed but still pending, Faigh sought and received permission to file her Second Amended Complaint. The Second Amended Complaint did not change any defendants or the equal protection claim. It simply added a Title VII discrimination claim under the Civil Rights Act of 1964 based upon the right to sue letter Faigh received from the Equal Employment Opportunity Commission. At the parties' request, the Court agreed to consider Defendants' fully briefed motion to dismiss as to the unchanged equal protection claim.

On April 12, 2021, Defendants' pending motion to dismiss was granted in part and denied in part. The Court dismissed ECCC finding that it was not a suable party under the Indiana Code. [DE 37 at 11]. Additionally, the Court found that none of the municipal Defendants could be liable under a theory of respondeat superior because 42 U.S.C. Section 1983 does not provide for such liability. [*Id.* at 5, 11 (citing *McNabola v. Chi. Transit Auth.*, 10 F.3d 501, 509 (7th Cir. 1993); *Monell*, 436 U.S. 658)]. The Court then

3

concluded that Faigh's Second Amended Complaint sufficiently pled a *Monell* claim for municipal liability under a final policymaker—ratification theory and that she had pled indirect intentional discrimination sufficient to state a Fourteenth Amendment equal protection claim. [DE 37 at 8, 10].

Discovery ensued with a deadline of February 28, 2022, for the completion of all discovery. [*See* DE 36, 48]. On November 18, 2021, Faigh deposed Taylor who testified that he directed Todd, to terminate Faigh, and that Todd terminated her while acting as Taylor's representative. Based upon this new information, Faigh filed the instant motion seeking leave to file a Third Amended Complaint adding an equal protection claim against Taylor for intentional discrimination on the basis of her sex "by directing Todd to terminate her for acts and omissions for which male employees were not terminated." [DE 44-1 at 5, ¶ 29]. As proposed, Faigh's Third Amended Complaint continues to assert a legal claim that "Defendants' actions constitute sex discrimination in violation of Title VII of the Civil Rights Act of 1964." [*Compare* DE 32 at 5, ¶ 29 (operative Second Amended Complaint), *with* DE 44-1 at 5, ¶ 31 (proposed Third Amended Complaint)].

In response to Faigh's instant motion for leave to amend, Defendants object to adding claims against Taylor. Specifically, Defendants argue that Faigh unduly delayed in raising these claims against Taylor and that the claims are futile. Lastly, Defendants contend that allowing Faigh to restore Taylor as a defendant would critically shift her legal theory late in this litigation in a manner prejudicial to both Defendants and Taylor.

4

**II. ANALYSIS**

Leave to amend pleadings should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2); *see also Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). Under Rule 15(a)(2), a court may deny leave to amend a complaint if there is undue delay, bad faith, dilatory motive, undue prejudice, or futility. *Guise v. BWM Mortg., LLC*, 377 F.3d 795, 801 (7th Cir. 2004). "[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002). Here, Defendants argue that Faigh's proposed Third Amended Complaint is both futile and unduly delayed.

**A. Futility**

"[A]n amendment may be futile when it fails to state a valid theory of liability or could not withstand a motion to dismiss." *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) (internal citations omitted); *see also Gandhi v. Sitara Cap. Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013). When considering a motion to dismiss, the court should "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Yet that statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's claim needs only be plausible, not

probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

### 1. Title VII Claim against Taylor

Defendants contend that Faigh's proposed Third Amended Complaint alleges a futile Title VII claim against Taylor individually. Indeed, Title VII claims are only appropriately directed to an employer and cannot stand against individuals—even individual decision makers for an employer. *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995). Therefore, Defendants are correct—any Title VII claim against Taylor is futile and must be dismissed[1].

### 2. Equal Protection Claim against Taylor

Here, Defendants argue that Faigh's proposed equal protection claim against Taylor is futile because she did not plausibly allege that Taylor intentionally discriminated against her based-on sex. Defendants suggest that Taylor was dismissed from the case early on because Faigh failed to plead in her original complaint that Taylor harbored discriminatory animus toward her. Defendants overstate the effect of

---

[1] Faigh contends that she did not intend to plead a Title VII claim against Taylor and does not object to the dismissal of the Title VII Claim against Taylor to the extent the Court construes her proposed Third Amended Complaint as raising such a claim. Faigh's proposed Third Amended Complaint undeniably pleads a Title VII claim against Taylor by alleging: "Defendants' actions constitute sex discrimination in violation of Title VII of the Civil Rights Act of 1964." [DE 44-1 at 5, ¶ 31]. By referencing "Defendants' actions" without any language excluding Taylor, she necessarily and improperly included Taylor.

events of this case. Defendants clearly argued in their motion to dismiss the original complaint that Faigh failed to plead discriminatory animus by Taylor. [DE 9]. Faigh's First Amended Complaint also removed Taylor as a defendant in this action. [DE 16]. However, no substantive analysis of Faigh's pleadings in her original complaint was undertaken by this Court. Rather, the Court simply denied Defendants' motion to dismiss as moot without any legal commentary on the merits of the motion. [DE 18].

Yet the Court directly addressed the question of whether Faigh sufficiently pled intentional discrimination as to the Advisory Board, Elkhart County, and the ECBC in its order resolving Defendants' motion to dismiss her Second Amended Complaint for failure to state a claim for which relief can be granted. [DE 37]. The Court held:

> Ms. Faigh pleaded [in the Second Amended Complaint] that she is a woman, that she hadn't been warned that her job was in jeopardy or subject to any progressive discipline process at the time of her termination, that she was terminated by Mr. Todd (whose actions were ratified by a final policymaker), and that men who violated Community Corrections policies were either not punished or were punished more leniently. Ms. Faigh has sufficiently pleaded indirect intentional discrimination as required to state a claim for a violation of the Equal Protection Clause.

[DE 37 at 9-10]. The only difference in Faigh's proposed equal protection claim against Taylor here is the added allegation that "Todd had been directed to terminate Faigh by Elkhart County Administrator Jeffrey Taylor ("Taylor") and did so as Taylor's representative." [DE 44-1 at 3, ¶ 16]. Notably, Faigh's proposed claim includes the same allegations raised in the original complaint and the two subsequent amendments stating that she was told that the termination decision was a collective one. [*Compare* DE 1 at 3, ¶ 19; DE 16 at 4, ¶ 20, 22–23; DE 32 at 4, ¶¶ 21, 23–25; *with* DE 44-1 at 4, ¶¶ 22, 24–25].

7

Thus, Faigh has sufficiently pled intentional discrimination as to Taylor such that her proposed Third Amended Complaint also states a plausible equal protection claim. *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

### B. Undue Delay

Defendants argue that Faigh's claims against Taylor, if properly pled in the proposed Third Amended Complaint, could have been pled in the original complaint. Accordingly, Defendants contend that Faigh's instant equal protection claim against Taylor was unduly delayed until late in the discovery period.

Delay alone is usually not sufficient to deny a motion for leave to amend. *Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016) (quoting *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) and calling the Rule 15 amendment standard "generous"); *see also Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343 (7th Cir. 2015).

According to Defendants, Faigh's assertion that Taylor's deposition testimony changed nothing about the propriety of the potential claims against him. In support, Defendants explain that the key question in an equal protection claim is not whether the termination decision was made unilaterally or collectively but whether the individual defendant, in this case Taylor, intentionally discriminated against the employee on the basis of her sex. Further, they state that the information Faigh cites from Taylor's deposition does nothing to resurrect a claim against him because Faigh had always believed that Taylor participated in the decision to fire her.

Defendants correctly state that "[i]n a protected-class equal protection analysis, a plaintiff must show that defendants acted with a nefarious discriminatory purpose and

discriminated against him based on his membership in a definable class." *Word v. City of Chicago*, 946 F.3d 391, 396 (7th Cir. 2020) (internal quotations omitted). As discussed above, Faigh has sufficiently pled the necessary discriminatory purpose as to Taylor. Thus, to assess whether Faigh's proposed equal protection claim was unduly delayed, the controlling question is whether Faigh possessed sufficient information at the time she filed her original complaint—even lacking Taylor's deposition testimony—to raise a Section 1983 claim against Taylor in his individual capacity. In other words, did she pursue known claims against Taylor diligently.

Faigh cannot dispute that she knew that Taylor was involved in the decision to terminate her employment when she filed her original complaint. After all, she raised a Section 1983 individual capacity equal protection claim against him in her original complaint. Moreover, she explicitly alleged that Taylor, along with two other named individuals, collectively decided to fire her. [DE 1 at 3, ¶ 19]. Yet nothing required Faigh to maintain parallel constitutional claims against the municipal entities involved and the individual officials involved. *See Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 305 (7th Cir. 2010) ("a municipality can be held liable under *Monell*, even when its officers are not, unless such a finding would create an *inconsistent* verdict." (emphasis in original)). Thus, it was not unreasonable for Faigh to make the strategic litigation decision to dismiss Taylor when she presumably found herself unable to or uncertain about defending against Defendants' assertion that she failed to plead facts sufficient to state a plausible claim against him. In fact, Faigh's dismissal of Taylor may be considered responsible in light of the parties' and the Court's obligation under Fed. R.

9

Civ. P. 1 "to secure the just, speedy, and inexpensive determination of [this] action." This is especially true as Faigh was relying upon an April 2020 from an Elkhart County attorney stating that the termination decision had been a collective one without any specific details as to Taylor's role. [*See* DE 44-2].

Additionally, it was not unreasonable for Faigh to depose Taylor during discovery, even just for information related to the *Monell* claims against the Advisory Board, Elkhart County, and the ECBC. And new information surfaces all the time in discovery. After all, "[t]he purpose of discovery is to refine the case and to prepare it for trial based on a full understanding of the relevant facts." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 358 (7th Cir. 2015). Therefore, none of the parties should have been surprised when Taylor's role in Faigh's termination came into clearer focus at his November 2021 deposition.

With a record showing that Faigh diligently pursued a reasonable litigation strategy from the beginning of this case, her knowledge that Taylor participated in the decision to terminate her at the time she filed her original complaint does not establish that she unduly delayed in naming, or re-naming, Taylor as a defendant. Faigh's understanding of the facts simply changed upon hearing Taylor's testimony thereby justifying clarification of the claims and parties in this action. Nothing could be more consistent with the purpose of Rule 15's liberal amendment standard. *See id.* ("If discovery shows that a party should be added, and if the moving party has been diligent, there may well be sound ground for amending the pleadings and even adding a new party"—even one month before the discovery deadline).

10

### C. Prejudice

In a brief, final argument against Faigh's proposed Third Amended Complaint, Defendants argue that restoring Taylor as a defendant at this stage of the litigation would critically shift her legal theory in a manner prejudicial to them and Taylor. No doubt, late amendments to the pleadings can cause undue prejudice when a party "change[s] one of its critical legal theories at the eleventh hour in a way that the other side could not have foreseen." *R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 946 (7th Cir. 2020). However, Defendants have not explained how they would be prejudiced by Faigh's proposed amendment here. *See United States v. Parkhurst*, 865 F.3d 509, 524 (7th Cir. 2017) (holding that an undeveloped argument was waived).

Additionally, the Seventh Circuit found that a district court abused its discretion by denying a request to amend a complaint, not dissimilar to Faigh's, toward the end of the discovery period. *Life Plans, Inc.*, 800 F.3d at 358. The plaintiff had sought leave to amend its complaint just ten days after deposing the defendant's CEO whose testimony revealed new facts critical to the claim at issue. *Id.* The court reasoned that although amendment to the complaint was sought near the end of the discovery period, the plaintiff only requested the amendment after discovering a factual basis for its new claims and trying to mitigate any delay that could result. *Id.*

Like the *Life Plans* plaintiff, Faigh seeks permission to amend her complaint to add a new claim after gleaning critical information from a key witness—namely Taylor—during a deposition in the last half of discovery. Faigh filed her motion for leave to amend just twelve days after deposing Taylor. Faigh also filed her motion more

11

than three months before the deadline for the close of discovery, exceeding the one-month gap between the requested amendment and the close of discovery in *Life Plans*.

Thus, Defendants have not established that Faigh's proposed Third Amended Complaint was truly filed at the eleventh hour or that it would unduly prejudice Defendants or Taylor.

### III. CONCLUSION

For the reasons discussed above, Faigh's Motion to Amend Complaint is **GRANTED IN PART** and **DENIED IN PART**. [DE 44]. Faigh may separately file her Third Amended Complaint, as attached [DE 44-1]—but revised to eliminate any Title VII claim against Taylor—no later than **April 15, 2022**.

Faigh's proposed Third Amended Complaint also includes two minor errors. First, Faigh improperly includes Elkhart County Community Corrections as a defendant in the case caption. [*See* DE 37 at 11 (dismissing ECCC from this lawsuit)]. Second, Faigh alleges that "[t]his Court has original subject matter jurisdiction . . . pursuant to 28 U.S.C. § 1333" without pleading and admiralty, maritime, or prize matters. [DE 44-1 at 2, ¶ 3]. Faigh shall also revise her propose Third Amended Complaint to exclude ECCC and to correct her jurisdictional pleadings before filing it.

**SO ORDERED** this 11th day of April 2022.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge